GRAYCE M. ARMSTRONG,

*vs.*

VICKSBURG BRIDGE AND TERMINAL COMPANY, a corporation of the State of Delaware.

*New Castle, March 1, 1933.*

*John Biggs, Jr.,* for complainant.

*Robert H. Richards,* of the firm of Richards, Layton and Finger, and *Clarence A. Southerland,* of the firm of Ward and Gray, for defendant.

THE CHANCELLOR: The bill is filed under *Section* 3883 of the *Revised Code of* 1915, which provides that "whenever a corporation shall be insolvent" the Chancellor may in his discretion appoint a receiver for it. The section expressly exempts from its scope "corporations for public improvement."

It is admitted by the complainant that the defendant corporation is one for public improvement and that it is, therefore, within the literal language of the exception which exempts it from liability to a receivership based solely on insolvency.

But the complainant contends that the language of the statute which exempts corporations for public improvement from its terms, is not to be given the wide application which its general phraseology indicates. It is argued that when the statute was originally enacted in 1891, practically all the corporations for public improvement created under the laws of this State were corporations which conducted business within the State, and that therefore when the Legislature

exempted · "public improvement" corporations from the scope of the receivership-insolvency statute which it then enacted, it must have meant to refer only to corporations of that kind which were doing business in this State. The truth is, however, as the complainant's solicitor admits, that there were prior to 1891, when the statute was enacted, some corporations for public improvement existing under our law which were authorized to transact their business outside of the State. The predicate for the complainant's argument, therefore, does not exist.

The exemption of a "public improvement" corporation from a receivership because of insolvency alone, is based on the notion that the interests of the public which the corporation was formed to serve are such that mere insolvency should not be permitted to result in throwing the company into receivership, with the ensuing possibility of confusion to its business and ultimate liquidation. The considerations of policy underlying the exemption in the statute are the same which have prompted courts to act with greater reluctance and caution in appointing receivers for *quasi* public corporations than they exercise in dealing with corporations of a private nature. See *High on Receivers*, (*4th Ed.*) § 365. The argument which the solicitor for the complainant advances would lead to this result, that the Delaware Legislature was concerned by the exemption to protect the interests of only the Delaware public, and that as to the public outside of the State it was totally indifferent. It would be going exceedingly far to accept the conception that the Legislative body of this State entertained such a provincial and self-centered view as that; and it would be going even farther yet to accept that conception when the only predicate upon which it can possibly rest is admitted to contain exceptions which refute it.

I entertain no doubt whatever upon this, that corporations for "public improvement" are not to be classified under the insolvency statute into those which do business in Dela-

ware and those which do not, and that it would be taking an unjustifiable liberty with plain language for the court practically to amend the act by restricting the general expression to the former class.

The next point raised by the demurrer is that the bill sets forth no case justifying the appointment of a receiver. With insolvency removed as a ground for the appointment, it is necessary that some special showing be made which would justify a court of equity in appointing a receiver for a "public improvement" corporation. *Thoroughgood v. Georgetown Water Co.*, 9 *Del. Ch.* 84, 77 *A.* 720. All that the bill shows by way of an appeal for relief based on the general principles of equity, aside from the charge of insolvency, is that the corporation "is unable to carry on its business with safety to the public and advantage to its stockholders, bondholders and creditors." Why it cannot conduct its business with safety to the public is not stated. There is no specification of reasons. No circumstances are detailed to support the generality of the charge. The allegation is of a conclusion merely, without supporting facts. I am of the opinion that the defendant should not be required to answer the bill as drawn.

The demurrer will be sustained.